## In re BEVIER WOOD PAVEMENT CO.

(District Court, S. D. New York. October 29, 1907.)

1. BANKRUPTCY—PROVABLE CLAIMS—ROYALTY FOR USE OF PATENT.

Where a claim against a bankrupt for a minimum annual royalty under a license contract for the use of a patent was rejected by the special master as being in the nature of a penalty and unenforceable, he was not authorized to allow any sum to the claimant, except on proof that the patent was actually used by the bankrupt and of the reasonable value of such use.

2. SAME.

Disallowance of claim for minimum amount of royalty during life of patent, on ground of illegality, as being in reality a penalty, approved.

In Bankruptcy. On review of decision of special master.

Abbott & Coyne, for claimants.
Pease & McLaughlin, for trustee.

CHATFIELD, District Judge. Upon November 3, 1905, an agreement was entered into with the bankrupt corporation, by which agree-

ment the corporation was to have the right to use a certain patented process, and to pay a certain amount for its use, to the extent of a minimum for each successive year, and at a certain rate per square foot for any amount used in excess of the quantity upon which the minimum rate of payment was estimated. Upon October 27, 1906, a petition in bankruptcy was filed, subsequently a receiver was appointed, and in the month of February, 1907, the receiver was notified by the owners of the patent that they rescinded the contract with the bankrupt company. The first payment of royalty or of compensation for the use of the patent was to be made upon January 1, 1907, a date subsequent to the filing of the petition in bankruptcy. The owners of the patent claim the minimum amount of compensation for the entire life of the patent; that is, some 17 years from the making of the original contract. On reference to a special master, it was determined that this agreed compensation was in the nature of a penalty, and therefore illegal. No testimony was taken as to whether the company actually made use of the patent, or incurred any liability for compensation because of that use. It was conceded that a deposit for $3,000, dependent upon certain tests, had been paid over to the licensors, and no question about that deposit can be raised. The special master, upon the contract which was introduced in evidence, found, in addition to denying the claim for the minimum amount for the entire period, that the licensors should be paid as compensation during the time preceding the filing of the petition in bankruptcy the proportionate part of the royalty for the first year which the term between November 3, 1905, and October 27, 1906, bore to the period of one year, for which the first amount of royalty was estimated. If testimony had been taken, and it had been determined as a matter of fact that this amount of compensation was reasonable, the finding might have been sustained. But to hold that the amount of royalty is void, as being in the nature of a penalty, and then to use that royalty as a basis of computation, without taking any evidence as to whether the bankrupt corporation had made use of the patent, or derived any benefit from which a quantum meruit amount or reasonable compensation could be estimated, seems to the court to be unfounded in law.

The owners of the patent contend that they should be allowed royalty at any rate to the 1st of January, 1907, when the first payment would have been due, or to the date in February, when the contract was rescinded. But, in the view which the court takes of the transaction, this contention would make no difference in the result. The special master should have taken testimony to find out what actual use was made by the bankrupt corporation of the rights under the patent, and, if any use was made of those rights, or any enjoyment had, between the appointment of a receiver and the time of the rescission, that also could have been shown. In so far as the various parties seem to have agreed that the amount found by the special master could properly be considered as a fair compensation, it does not seem necessary to disturb the award; and, if the various parties to this motion will stipulate (without prejudice to the claim of the licensors for the minimum amount of royalty throughout the life of the patent) that the amount found by the special master, upon the basis of quantum meruit or com-

pensation, is a fair award, an order may be entered rejecting the creditors claim for royalty in toto, but allowing him the amount found by the special master for the actual use of the patent, it having been stated orally in the argument herein that such use was made, and to that extent confirming the special master's report. If such a stipulation cannot be agreed upon, the special master's report will be confirmed, in so far as he rejected the royalty, and the matter will be sent back to him to determine what was the fair compensation, if any, for the use of the patented article while such use was had, in the same manner in which the liability of a bankrupt corporation is computed upon a claim under a lease, for a period that has not terminated at the time of the institution of the bankruptcy proceedings.